NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOLPHUS L. COLLINS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7108

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 11-0244, Judge William A. Moorman.

---

Before RADER, *Chief Judge,* LOURIE, and SCHALL, *Circuit Judges.*

PER CURIAM.

## ORDER

Dolphus L. Collins appeals from a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) upholding a decision of the Board of Veterans' Appeals (Board) denying him entitlement to Department of Veterans Affairs (DVA) disability benefits. We dismiss.

While on active duty from June 1974 to July 1974, Mr. Collins sought medical treatment for back spasms. He was diagnosed with unilateral spondylosis of the L5 with secondary intractable paraspinal spasm, and discharged by the Medical Board. In November 1975, Mr. Collins filed a DVA disability compensation claim for a back disability. In January 1976, a regional office (RO) of the DVA denied that claim. Mr. Collins did not appeal from that ruling, thereby rendering it a final decision.

In 2006, the RO reopened the claim. But, after reviewing the claims file a DVA medical examiner opined that Mr. Collins current back condition, a degenerative disc disease, was more related to his age than the soft tissue injury he had suffered in service. Based on that examiner's report and the record, the RO again denied Mr. Collins entitlement to service connection. Mr. Collins appealed to the Board, which upheld the RO's determination on the ground that there was insufficient evidence establishing a nexus between his current disc disease and his service.

Mr. Collins then appealed to the Veterans Court aided by legal representation. Mr. Collins's only contention on appeal was that the DVA should have obtained any records before the Social Security Administration (SSA) before denying his claim. The court, however, rejected this argument on the grounds that Mr. Collins had failed to specify what if any SSA records were missing or explain how any such records would be relevant to the claim.

This appeal followed.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also

entertain challenges to the validity of a statute or regulation, and may interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, we lack jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Although Mr. Collins was not required to file a legally impeccable submission to proceed on appeal, he was required to demonstrate that this court has jurisdiction, and he has failed to make such a showing. Much of Mr. Collins' informal brief is dedicated to disputing how the evidence was weighed in his case. Even if we were to ignore the fact that the Veterans Court was not asked by Mr. Collins' attorney to review the merits of the claim, these arguments only raise issues of fact or the application of law to fact. As such, this court lacks jurisdiction to review the issues presented in Mr. Collins' appeal. Moreover, to the extent that Mr. Collins' brief can be read to argue that the government failed to obtain missing relevant SSA records, we must similarly decline to address that argument. Whether records are missing from Mr. Collins file is a question of fact and thus also not within this court's jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

DOLPHUS COLLINS v. SHINSEKI                                     4

                                   FOR THE COURT


                                   /s/ Jan Horbaly
                                   Jan Horbaly
                                   Clerk

s26