Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DOLPHUS L. COLLINS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2025-1452

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-7738, Judge Joseph L. Toth.

_____

Decided:  May 13, 2026

_____

DOLPHUS L. COLLINS, Jackson, MS, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; TYRONE COLLIER, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

Dolphus Collins, a veteran, appeals from an order of the Court of Appeals for Veterans Claims ("the Veterans Court") denying his petition for a writ of mandamus.

I

Mr. Collins served in the United States Army for approximately one month between June and July of 1974. During that period, he sought treatment for back spasms. After he was discharged from military service, he sought compensation for a back disability. In 1976, a Veterans Administration regional office denied his claim. Mr. Collins did not appeal from that decision, and the decision then became final. *See Collins v. Shinseki*, 494 F. App'x 88 (Fed. Cir. 2012) (describing the factual background of this case).

In 1999, Mr. Collins, who was represented by an attorney at the time, took an appeal from an adverse decision of the Board of Veterans' Appeals. The Veterans Court remanded the case to the Board, and granted a fee award sought by Mr. Collins's attorney under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Gov't Br. 4.

In 2006, the regional office reopened Mr. Collins's claim. A medical examiner determined that Mr. Collins suffered at that time from a degenerative disc condition, which was more related to his age than to the tissue injury he had suffered in service. *Collins v. Shinseki*, 494 F. App'x at 88. The regional office denied service connection for the disability, and Mr. Collins appealed to the Board of Veterans' Appeals. The Board upheld the regional office's decision on the ground that there was insufficient evidence of a nexus between Mr. Collins's disc condition and his service. *Id.* Mr. Collins appealed that decision to the Veterans Court, which affirmed. Mr. Collins then appealed to this

court, which dismissed the appeal for lack of jurisdiction. *Id.*

In September 2024, Mr. Collins filed with the Veterans Court a document that the court subsequently construed as a petition for a writ of mandamus. *Collins v. Collins*, No. 24-7738 (Vet. App.), Docket No. 1 (09/26/2024). The petition referred to the prior proceeding in which Mr. Collins's attorney had received an award of attorney fees. In the documents filed with the Veterans Court in support of the petition, Mr. Collins appeared to contend that the Department of Veterans Affairs paid the attorney $5,480, as ordered by the Veterans Court, but that the attorney dropped out of the case at some point and did not repay Mr. Collins the funds Mr. Collins had paid the attorney for his services. In several submissions supporting his petition, Mr. Collins appeared to contend that he is entitled to recover the attorney fee award that was paid to his attorney, plus interest. *See id.*, Docket No. 6 (11/19/2024); Docket No. 12 (12/20/2024); Docket No. 13 (12/20/2024); Docket No. 14 (12/23/2024); Docket No. 15 (12/29/2024).

The Veterans Court dismissed the petition on the ground that Mr. Collins had not met "the minimum pleading standards necessary to allow the Court to assess whether extraordinary relief is warranted," S. App. 8–9. The court provided that the dismissal of the petition would be "without prejudice to refiling in accordance with" Rule 21 of the Rules of the United States Court of Appeals for Veterans Claims, which governs pleading standards for requests for extraordinary relief. *Id.* The court noted that any future petition filed by Mr. Collins regarding the same subject matter "should contain the information and documentation necessary to support entitlement to the relief sought and for the Court to understand the issues presented." *Id.*

Following the entry of judgment, Mr. Collins appealed to this court.

## II

The Veterans Court has authority under the All Writs Act, 28 U.S.C. § 1651, to issue writs of mandamus in appropriate cases. *Martin v. O'Rourke*, 891 F.3d 1338, 1342–43 (Fed. Cir. 2018); *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998). Before the Veterans Court, as elsewhere, a writ of mandamus is regarded as a "drastic and extraordinary" remedy, *Lamb v. Principi*, 284 F.3d 1378, 1382 (Fed. Cir. 2002) (citations omitted), that may issue "only when three conditions are satisfied: (1) the petitioner must show a 'clear and indisputable' right to issuance of the writ under the relevant substantive law, (2) the petitioner must have 'no other adequate means' to attain the desired relief, and (3) 'even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances,'" *Wolfe v. McDonough*, 28 F.4th 1348, 1354 (Fed. Cir. 2022) (citations omitted).

This court may review the Veterans Court's decisions applying the All Writs Act when those cases fall within this court's jurisdiction. *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *Mote v. Wilkie*, 976 F.3d 1337, 1340–41 (Fed. Cir. 2020). We may not, however, review a Veterans Court decision denying a mandamus petition unless the request for a petition presents a "non-frivolous legal question." *Beasley,* 709 F.3d at 1158; *see also Wright v. Collins*, 157 F.4th 1379, 1381 (Fed. Cir. 2025); *Love v. McDonough*, 100 F.4th 1388, 1392 (Fed. Cir. 2024); *Beaudette v. McDonough*, 93 F.4th 1361, 1366 (Fed. Cir. 2024); *Wolfe,* 28 F.4th at 1354.

In this case, the Veterans Court did not address the merits of Mr. Collins's claim, but instead ruled that his petition for mandamus did not describe "the precise relief sought," "the facts necessary to understand the issues presented," or "whether he lacks adequate alternative means to obtain relief." S. App. 8. The court added that Mr.

Collins "provides no other facts necessary to understand the underlying fee dispute; he has not shared whether he sought relief for this issue at the Agency, let alone whether he lacks alternative means to obtain relief; and he does not otherwise explain what relief he seeks from this Court." *Id.*

Based on those facial inadequacies in Mr. Collins's request for the extraordinary relief of mandamus, the Veterans Court found that he had failed to satisfy the minimum pleading standards necessary to allow the court to determine whether extraordinary relief was warranted. Moreover, the court did not extinguish his claim altogether, but instead dismissed the petition without prejudice to Mr. Collins's right to refile the petition with "the information and documentation necessary to support entitlement to the relief sought and for the Court to understand the issues presented." *Id.*

The inadequacies of the petition, as summarized by the court, make it clear that the claim raised by Mr. Collins, in the form in which it was presented to the Veterans Court, cannot be characterized as "non-frivolous." The petition not only failed to address the standards required to establish the right to mandamus relief but, more importantly, it did not include information sufficient to enable the court to evaluate the claim or determine whether the claim was properly asserted against the agency or against Mr. Collins's previous counsel. And if the petition was meant to allege liability on the part of the agency, it did not suggest what theory of liability would support a claim of the sort Mr. Collins appears to be asserting. Accordingly, we conclude that we lack jurisdiction over this appeal and are required to dismiss it.

**DISMISSED**

COSTS

No costs.