# United States Court of Appeals for the Federal Circuit

---

**ELIZABETH M. JACOBSON,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2024-1990

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00373-EHM, Judge Edward H. Meyers.

---

Decided: June 18, 2026

---

GEOFFREY BESTOR, The Bestor Law Firm, Hadley, MA, argued for plaintiff-appellant.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE, DAVID W. TYLER, JAMIE ANN YAVELBERG.

---

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

Elizabeth Jacobson filed a whistleblower declaration with the U.S. Attorney General under the Financial Institutions Anti-Fraud Enforcement Act of 1990 ("FIAFEA") alleging fraud on the part of Wells Fargo Bank. The U.S. Department of Justice, after investigating Ms. Jacobson's declaration, informed her that her declaration was deficient and invalid. Ms. Jacobson appealed to the U.S. Court of Federal Claims, which dismissed her complaint for lack of subject-matter jurisdiction. The court based the dismissal on FIAFEA's non-reviewability provision. Ms. Jacobson asserts on appeal that the Court of Federal Claims erred by not first reviewing whether FIAFEA is money-mandating prior to dismissing her complaint for lack of jurisdiction. We affirm the judgment of the Court of Federal Claims that it lacks subject-matter jurisdiction to review the Attorney General's FIAFEA related actions.

BACKGROUND

I.

Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183, in response to a crisis in the Nation's savings and loan industry. FIRREA created a civil cause of action empowering the Attorney General to pursue civil penalties against anyone who violated certain criminal statutes relating to financial institutions. *See* 12 U.S.C. § 1833a(c) (listing violations to which penalty is applicable, including a violation of 18 U.S.C. § 1014, directed to false statements and security overvaluation, and 18 U.S.C. § 1344, addressing bank fraud).

A year after enacting FIRREA, Congress enacted the Financial Institutions Anti-Fraud Enforcement Act of 1990 ("FIAFEA"), Pub. L. No. 101-647, 104 Stat. 4893. FIAFEA contains a whistleblower framework that permits "[a]ny person" to file with the Attorney General "a declaration of

a violation giving rise to an action for civil penalties under section 1833a of this title." 12 U.S.C. § 4201(a). The statute mandates that "[w]hen the United States acquires funds or assets pursuant to the execution of a judgment, order, or settlement and the Attorney General determines that the judgment, order, or settlement was based in whole or in part on the information contained in a valid declaration . . . , the declarant shall have the right to share in the recovery." *Id.* § 4205(d)(1).

A declaration is valid only if it meets "the requirements of sections 4201 through 4204 of this title." *Id.* § 4205(a). Three requirements are relevant here. First, the declaration must contain "at least 1 new factual element necessary to establish a prima facie case that was unknown to the Government at the time of filing." *Id.* § 4202(3). Second, the declaration cannot be "filed by a person who knowingly participated in the violation . . . or any other fraudulent conduct with respect to which the declaration is made." *Id.* § 4204(a)(2). Third, the declaration cannot "consist[] of allegations or transactions that have been disclosed to a member of the public in a criminal, civil, or administrative proceeding, . . . or by the news media, unless the person providing the declaration is the original source of the information." *Id.* § 4204(a)(5).

Congress vested the Attorney General with sole authority to determine whether each requirement is met. *See id.* §§ 4204(c), 4205(d)(1). In a section titled "Nonreviewability of action by Attorney General," Congress specified that "[n]otwithstanding any other law, no court shall have jurisdiction over any claim based on any action taken by the Attorney General or any refusal to take action under this subchapter, except for failure to provide notification under section 4206 of this title." *Id.* § 4208.

## II.

Ms. Jacobson worked as a mortgage loan officer at Wells Fargo from 1998 to 2007. Appx15.[1] In March 2012, Ms. Jacobson filed a declaration with the Attorney General pursuant to section 4201 of FIAFEA alleging that Wells Fargo fraudulently originated thousands of "stated income" loans[2] during the period of 2005 through 2007. Appx10. In January 2018, the U.S. Department of Justice informed Ms. Jacobson that her FIAFEA declaration was deficient and invalid. Appx58–59. The Department of Justice cited three reasons for its rejection: (1) her declaration did not contain at least one new factual element necessary to establish the government's prima facie case against Wells Fargo; (2) Ms. Jacobson admitted to participating in the fraudulent conduct she alleged; and (3) the allegations contained in her declaration were disclosed to the public through prior civil litigation and media reporting. Appx58–59. Six months later, the government entered into a two-billion-dollar settlement agreement with Wells Fargo to resolve allegations related to the sale of stated income loans packaged into residential mortgage-backed securities. *See* Appx42–55.

---

[1]    Appx refers to the appendix following Appellant's Principal Brief, filed at Dkt. No. 42.

[2]    According to the relevant settlement agreement between the government and Wells Fargo, "[a] stated income loan . . . is a loan on which a borrower states his or her income. The lender determines whether the income that the borrower states is reasonable, in light of the borrower's stated occupation, location, experience, and other factors. The lender, however, does not verify the income or require the borrower to provide supporting income documentation (e.g., W2 forms, pay stubs) and instead relies on the income the borrower states." Appx44.

Ms. Jacobson filed a complaint in April 2022 with the U.S. Court of Federal Claims challenging the Attorney General's determination that her FIAFEA declaration was deficient and invalid. Appx10–39. She denied participation in the securities fraud precipitating the settlement agreement, and she alleged entitlement to a share of the Wells Fargo FIRREA civil penalty. Appx38. Ms. Jacobson also challenged FIAFEA under the Due Process Clause, alleging that "12 U.S.C. § 4208, to the extent that it prohibits judicial review of the Attorney General's decision to refuse to award Plaintiff her share of the civil penalty, is unconstitutional." *Id.* The government moved to dismiss Ms. Jacobson's complaint for lack of subject-matter jurisdiction based on unreviewability.

In May 2024, the Court of Federal Claims granted the government's motion and dismissed Ms. Jacobson's complaint. *Jacobson v. United States*, 171 Fed. Cl. 354 (2024). The Court of Federal Claims determined it lacked jurisdiction to review the Attorney General's determinations that she was not eligible for a whistleblower award. It found that her claim was "undeniably based on" actions taken by the Attorney General "that § 4208 divests this Court of jurisdiction to review." *Id.* at 359. Addressing Ms. Jacobson's challenge to the constitutionality of section 4208, the court noted that Ms. Jacobson "disclaims bringing any claim under the Due Process Clause, insisting that she brings her claim solely under FIAFEA and it is due process that guarantees her a hearing in this Court." *Id.* at 361. But the court rejected her argument: "Put simply, this Court does not have jurisdiction under the Due Process Clause because it does not compel the payment of money in the event of a violation." *Id.*

Ms. Jacobson appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

Ms. Jacobson brings two arguments on appeal. First, she contends that the Court of Federal Claims erred by not first deciding whether FIAFEA is a money-mandating statute, prior to addressing other threshold issues. Appellant Br. 9, 14–16. She argues that this requirement comes from *Fisher v. United States*, 402 F.3d 1167 (Fed. Cir. 2005), where this court ruled that "when a Tucker Act claim is based on a Constitutional provision, statute, or regulation, 'the trial court at the outset shall determine . . . whether the Constitutional provision, statute, or regulation is one that is money-mandating.'" Appellant Br. 9 (quoting *Fisher*, 402 F.3d at 1173).

Second, Ms. Jacobson argues that the Court of Federal Claims should not have treated her constitutional challenge as a separate cause of action without first determining whether FIAFEA is a money-mandating statute. *Id.* at 6. Ms. Jacobson concedes that if FIAFEA is not money-mandating, then she has "no independent Due Process claim for money" in the Court of Federal Claims. *Id.* at 9. But she contends that if FIAFEA *is* money-mandating, then the Court of Federal Claims "has jurisdiction of [her] case" under *Fisher*. *Id.* at 9; *see also id.* at 16–17.

We review de novo the dismissal by the Court of Federal Claims for lack of subject-matter jurisdiction. *Biltmore Forest Broad. FM, Inc. v. United States*, 555 F.3d 1375, 1380 (Fed. Cir. 2009). The plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). When considering a motion to dismiss for lack of subject-matter jurisdiction, we accept as true all uncontroverted factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

We apply a "'strong presumption' in favor of judicial review" when we interpret statutes, including "statutes that may limit or preclude review." *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 273 (2016) (quoting *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 486 (2015)). The presumption can be overcome, however, by "clear and convincing" indications that Congress intended to bar review. *Id.* (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 349–50 (1984)). In *Cuozzo*, the Supreme Court held that a statute specifying that a determination "under this section shall be final and non-appealable" met the "clear and convincing" standard, evincing Congress's intent to bar review. *Id.* at 265, 273–74.

In FIAFEA, Congress provided a clear and convincing indication of intent to bar judicial review of the Attorney General's determinations concerning a whistleblowing declarant's entitlement to share in any recovery. The statute provides that "[n]otwithstanding any other law, *no court shall have jurisdiction* over any claim based on any action taken by the Attorney General or any refusal to take action under this subchapter, except for failure to provide notification under section 4206 of this title." 12 U.S.C. § 4208 (emphasis added). Ms. Jacobson does not contend that the Attorney General failed to provide notification under section 4206 of this title, therefore the single exception to the section 4208 bar to review is not at issue here. Congress left no doubt that the Court of Federal Claims has no jurisdiction to review Ms. Jacobson's challenge to the Attorney General's action under FIAFEA.

Ms. Jacobson argues that our decision in *Fisher* requires the Court of Federal Claims to first determine whether FIAFEA is a money-mandating statute. *Fisher* is not applicable here. In *Fisher*, we addressed a Tucker Act claim in which the court's jurisdictional grant blended with the merits of the claim. 402 F.3d at 1171–72 ("In Tucker Act jurisprudence, however, th[e] neat division between

jurisdiction and merits has not proved to be so neat."). To provide clarity in this context, we specified that:

> When a complaint is filed alleging a Tucker Act claim based on a Constitutional provision, statute, or regulation, *see* 28 U.S.C. § 1491(a)(1), the trial court at the outset shall determine, either in response to a motion by the Government or *sua sponte* (the court is always responsible for its own jurisdiction), whether the Constitutional provision, statute, or regulation is one that is money-mandating.

*Fisher*, 402 F.3d at 1173. *Fisher*, however, did not involve a statute that strips the jurisdiction of the Court of Federal Claims. If Ms. Jacobson's argument were correct, it would require the Court of Federal Claims to conduct the fruitless exercise of considering whether FIAFEA is money-mandating, only to dismiss her claim for lack of jurisdiction pursuant to section 4208.

Ms. Jacobson's argument also runs counter to Supreme Court decisions issued before and after *Fisher*. In *Ruhrgas AG v. Marathon Oil Co.*, the Court considered whether, in cases removed from state to federal court, subject-matter jurisdiction must precede personal jurisdiction in the jurisdictional inquiry. 526 U.S. 574, 577–78 (1999). The Court noted that although its earlier decision in *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998), reasoned that jurisdiction be resolved before ruling on the merits, "the same principle does not dictate a sequencing of jurisdictional issues." *Id.* at 584. The Court held that "in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy." *Id.* at 578.

The Court reiterated this principle in *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007). There the Court considered whether a district court must establish its own jurisdiction before dismissing a suit on

the ground of *forum non conveniens*. *Id*. at 425. The Court noted that its prior *Steel Co.* and *Ruhrgas* decisions "recognized that a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Id*. at 431 (quoting *Ruhrgas*, 526 U.S. at 585) (citing *Steel Co.*, 523 U.S. at 100–01 n.3). The *Sinochem* Court held that "a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection." *Id*. at 425.

The Supreme Court's jurisprudence has made clear that courts are not required to address jurisdictional issues in any given order. *E.g., Ruhrgas*, 526 U.S. at 578. If Congress, by statute, has precluded the Court of Federal Claims from issuing a decision on the merits, the Court of Federal Claims need not examine whether the statute is money-mandating. *See Sinochem*, 549 U.S. at 431 ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." (alteration in original) (citation omitted)).

In stating that "no court shall have jurisdiction over any claim based on any action taken by the Attorney General or any refusal to take action under this subchapter," 12 U.S.C. § 4208, Congress evinced a clear and convincing indication of intent to bar review by any court of any Attorney General action under FIAFEA. *See Beaudette v. McDonough*, 93 F.4th 1361, 1367 (Fed. Cir. 2024) ("When Congress intends to prohibit judicial review, it clearly does so.") (citing, as examples, 38 U.S.C. §§ 511(a), 7252(b) ("The Court may not review the schedule of ratings for disabilities . . . or any action of the Secretary in adopting or revising that schedule."), 7263(d) ("An order of the Court under this subsection is final and may not be reviewed in any other court.")). Ms. Jacobson does not dispute that she challenges an Attorney General action, and she does not allege that the "notification" exception to section 4208 applies. We therefore hold that the Court of Federal Claims was not required to consider whether FIAFEA is money-

mandating before dismissing Ms. Jacobson's monetary claim for lack of jurisdiction.

We now turn to Ms. Jacobson's Due Process challenge. In her complaint, Ms. Jacobson alleged that 12 U.S.C. § 4208 is unconstitutional "to the extent that it prohibits judicial review of the Attorney General's decision to refuse to award Plaintiff her share of the civil penalty." Appx38.

Ms. Jacobson fails to identify authority in support of her position—that a statute with an explicit bar to judicial review can nonetheless provide Tucker Act jurisdiction for a challenge to that bar. We have held that "there is no jurisdiction under the Tucker Act over a Due Process claim unless [the claim] constitutes an illegal exaction," which exists "only if money has been 'improperly exacted or retained' by the government." *Casa de Cambio Comdiv S.A., de C.V. v. United States*, 291 F.3d 1356, 1363 (Fed. Cir. 2002) (citations omitted). Ms. Jacobson, however, has not pleaded illegal exaction. *See* Appx38 (Complaint, Count I). We thus affirm the dismissal of Ms. Jacobson's complaint by the Court of Federal Claims.

## CONCLUSION

We have considered Ms. Jacobson's remaining arguments and find them unpersuasive. For the reasons stated above, we affirm the dismissal of Ms. Jacobson's complaint for lack of subject-matter jurisdiction.

## **AFFIRMED**

### COSTS

Costs against Ms. Jacobson.